UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>    Petitioner,<br><br>v.<br><br>EDMUND G. BROWN, Jr., and THE STATE JUSTICE INSTITUTE ACT OF 1984<br><br>    Respondents. | No. 1:18-cv-00181-SKO HC<br><br>**FINDINGS AND RECOMMENDATIONS FOR DISMISSAL OF PETITIONER AS SECOND OR SUCCESSIVE**<br><br>**COURT CLERK TO ASSIGN DISTRICT JUDGE**<br><br>**(Doc. 1)** |

### Screening Order

Petitioner, Zane Hubbard, is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition alleges two claims: (1) "treason and levy by Govern[o]r Edmund G. Brown, Junior;" and (2) "Governor Jerry Brown has subjected Mexican American Indian(s) to low intensity warfare under the "State Justice Institute Act of 1984." Because Petitioner has filed two previous habeas petitions concerning the same conviction, the Court will recommend dismissing the petition as second or successive.

### I. Procedural and Factual Background

A jury convicted Petitioner of kidnapping to commit robbery, carjacking for the purpose of kidnapping, assault with a semiautomatic firearm, criminal threats, active participation in a criminal street gang, and being a felon in possession of a firearm. *People v. Ramirez*, F062512,

2013 WL 943873 (Cal. Ct. App. March 12, 2013).  The Kern County Superior Court sentenced Petitioner to an indeterminate term of 15 years to life in prison and a determinate term of 24 years 4 months.  *Id*.  Following a direct appeal, Petitioner unsuccessfully sought habeas relief in California state courts.

On October 23, 2013, Petitioner filed a petition for federal habeas relief pursuant to 28 U.S.C §2254.  *Hubbard v. Seng*, No. CV 13-2099-RJT, 2014 WL 1761013 (E.D. Cal. April 30, 2014).  The Court dismissed the petition because Petitioner's claims were barred by judicial immunity.  Petitioner filed a second § 2254 petition on the same day.  *Hubbard v. Gipson*, No. 1:13-cv-01758-LJO-JLT, 2016 WL 5341283 (E.D. Cal. Sept. 22, 2016).  The Court denied all of Petitioner's claims.  Petitioner filed the above-captioned petition on February 5, 2018.

## II. **Preliminary Screening**

Rule 4 of the Rules Governing § 2254 cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

## III. **No District Court Jurisdiction Over a Second or Successive Petition**

The circuit court of appeals, not the district court, must decide whether a second or successive petition satisfies the statutory requirements to proceed.  28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive petition permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").  This means that a petitioner may not file a second or successive petition in district court until the petitioner has obtained leave from the court of appeals.  *Felker v. Turpin*, 518 U.S. 651, 656-57 (1996).  In the absence of an order from the appropriate circuit court, a district court lacks jurisdiction over a petition and must dismiss the second or successive

petition. *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997).

Petitioner has not secured leave from the Ninth Circuit Court of Appeals to file the above-captioned petition. Accordingly, the Court must dismiss the petition for lack of jurisdiction.

### III. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
>   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>   (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that the petition is a second or successive petition to be debatable or wrong, or conclude that the issues presented required further adjudication. Accordingly, the Court recommends declining to issue a certificate of appealability.

## IV. Recommendation and Order

Based on the foregoing, the undersigned hereby recommends that the Court dismiss the petition in this action as second or successive and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court Clerk is hereby directed to assign a district judge to this action.

IT IS SO ORDERED.

Dated: **February 16, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

4